# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JENNIFER L. BROWN, and HARDY T. BROWN, wife and husband, | : : : | C.A. No. |
| Plaintiffs, | : : | |
| v. | : : | |
| OTIS ELEVATOR COMPANY, | : : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Otis") removes the above-captioned case from the Superior Court for New Castle County, Delaware to the United States District Court for the District of Delaware.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446(b)(1). Complete diversity of citizenship exits between the parties and, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Otis states as follows:

## BACKGROUND

1. On February 22, 2022, Plaintiffs Jennifer L. Brown and Hardy T. Brown commenced this action by filing a Complaint in the Superior Court for New Castle County, Delaware bearing Case No. N22C-02-172 MAA. A copy of the Complaint is attached as Exhibit A.

2. Plaintiffs claim that on or about June 22, 2020, while working at Christina Hospital, Plaintiff Jennifer Brown was riding an elevator when "the elevator stopped and dropped suddenly in-between floors… thereby causing Plaintiff to be stuck in said elevator and to be

---

[1] By removing this action to this Court, Otis does not waive any defenses, objections, or motions available under state or federal law.

thrown about the elevator with force and violence, causing Plaintiff to sustain personal injuries." (Pl. Compl. Ex. A at ¶ 4.)

3. The docket of the Superior Court of the State of Delaware reflects service to Otis on March 2, 2022. (Docket Report, Ex. B)

4. Accordingly, this Notice of Removal is being filed within thirty (30) days after Otis's first receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

5. Removal under 28 U.S.C. § 1441 is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants. See U.S.C. §§ 1332 & 1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied based on the nature and extent of the damages alleged in Plaintiffs' Complaint. Plaintiffs allege Otis caused "(a) Personal injuries all of which may be permanent by Plaintiff, Jennifer L. Brown; (b) Pain and suffering by Plaintiff, Jennifer L. Brown; (c) Medical expenses not covered by 21 Del. C. §2118, plus future expenses[;] (d) [and] Loss of consortium, society, aid and comfort of her husband, Plaintiff, Hardy T. Brown, by his wife, Plaintiff, Jennifer T. Brown." (Pl. Compl. Ex. A at ¶ 7.)

7. Plaintiffs did not demand or identify a specific amount of damages against Otis in the Complaint. (See generally *id*.)

8. Where "the plaintiff's complaint [filed in state court] does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Polanco v. Amguard Ins. Co.*, No. CV 18-0331-CFC, 2018 WL 6380707, at *2 (D. Del. Dec. 6, 2018) (applying *Dart* to a case where the plaintiff did not plead an amount in controversy). The defendant's amount-in-controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Polanco*, 2018 WL 6380707, at *2. An "allegation or assertion of the amount in controversy is plausible if made in good faith." *Id*. at *3.

9. In *Polcanco*, the plaintiff—consistent with Delaware Superior Court Civil Rule 9(g)—did not identify an amount of damages in his complaint. *Id*. at *1. The defendant filed a notice of removal to this Court and alleged that "because of the diversity of [plaintiff's] and [defendant's] citizenships and 'because [plaintiff] is believed to be seeking compensatory damages in excess of $75,000, this Court has original jurisdiction over all of [plaintiff's] state law claims.'" *Id*. The plaintiff filed a motion to remand arguing that the removal notice was deficient because the defendant did not offer proof in support of its amount-in-controversy assertion. *Id*. at *2.  The court denied the plaintiff's remand request, holding that "a defendant need not offer evidence to establish that the amount-in-controversy requirement of § 1332(a) is met," and that the defendant made a good faith allegation that plaintiff sought damages in excess of $75,000. *Id*. at *3–*4.

10. Here, Plaintiffs did not demand or identify a specific amount of damages against Otis in their Complaint. However, Plaintiffs allege significant permanent injuries, pain and suffering, present and future medical expenses, and loss of consortium, society, aid, and comfort.

11. Based on these allegations, and upon information and belief, Plaintiffs seek damages in excess of $75,000, which satisfies the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a).[2]

## DIVERSITY OF CITIZENSHIP EXISTS

12. At the time this action was commenced, Plaintiffs were citizens of the State of Delaware. (Pl. Compl. Ex. A at ¶ 1.)

13. Plaintiffs incorrectly allege that Otis is a Delaware corporation. (Pl. Compl. Ex. A at ¶ 2.) In actuality, Otis is incorporated in the State of New Jersey and has its principal place of business in Connecticut. (Restated Certificate of Incorporation, Ex. C) Otis is therefore a citizen of New Jersey and Connecticut for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

14. Because Plaintiffs are citizens of Delaware and Otis is not a citizen of Delaware, diversity of citizenship exists under 28 U.S.C. §§ 1332 and 1441(b).

## PROCEDURAL REQUIREMENTS

15. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(1).

16. The Superior Court for New Castle County, Delaware is located within the District of Delaware. Venue is therefore proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

---

[2] If the Plaintiffs contest Otis' allegations, then discovery may be taken and the parties are to submit proof so the Court can decide "'by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88.

17. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon Otis, including summonses and petitions.

18. The Superior Court of the State of Delaware's docket reflects service on March 2, 2022. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

19. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Superior Court for New Castle County, Delaware. A notice of removal will be filed with the Superior Court for New Castle County, Delaware.

WHEREFORE, Defendant Otis Elevator Company gives notice that the civil action docketed Case No. N22C-02-172 MAA in the Superior Court for New Castle County, Delaware is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1).

Respectfully submitted,

BARNARD, MEZZANOTTE, PINNIE,
SEELAUS & KRAFT, LLP

 */s/ Anne Kai Seelaus*
Anne Kai Seelaus (DE Bar. No. 4970)
Denise S. Kraft (DE Bar. No. 2778)
1205 N. Orange St.,
P.O. Box 26304
Wilmington, DE  19899
 (302) 594-4535
kseelaus@bmpsklaw.com
dkraft@bmpsklaw.com

Counsel for Defendant
Otis Elevator Company

DATED:  March 29, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JENNIFER L. BROWN, and HARDY T. BROWN, wife and husband, | : : : | C.A. No. |
| Plaintiffs, | : : : | |
| v. | : : : | |
| OTIS ELEVATOR COMPANY, | : : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## **DEMAND FOR JURY TRIAL**

Defendant, Otis Elevator Company hereby demands a twelve (12) member jury trial.

                                              Respectfully submitted,

                                              BARNARD, MEZZANOTTE, PINNIE,
                                              SEELAUS & KRAFT, LLP

                                              */s/ Anne Kai Seelaus*
                                              Anne Kai Seelaus (DE Bar. No. 4970)
                                              Denise S. Kraft (DE Bar. No. 2778)
                                              1205 N. Orange St.,
                                              P.O. Box 26304
                                              Wilmington, DE  19899
                                              (302) 594-4535
                                              kseelaus@bmpsklaw.com
                                              dkraft@bmpsklaw.com

                                              Counsel for Defendant
                                              Otis Elevator Company

DATED:  March 29, 2022